# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| JOSHUA REBEL HAYS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:09-CV-109 JVB |
| | ) | |
| MIKE BROOKS, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Petitioner Joshua Rebel Hays, a pretrial detainee confined at the Elkhart County Jail, submitted a petition "under 28 U.S.C. § 2241 for writ of *habeas corpus* by a pre-trial detainee." (DE 1-1 at 1.) Hays seeks "to challenge his pre-trial detention as illegal and unlawful." (*Id.*) In an attached letter, Hays states that he has "been in [the] Elkhart County Jail since Dec[ember] 3rd 2008"and has not yet had a hearing. (DE 1-2 at 1.) In his petition, Hays also states that he "has been denied the right to post bond since Dec[ember] 3rd" when he was placed in custody, he should still be out on bond, and he has been "denied his 6th Amendment right to a fast and speedy trial as well as his right to see and hear evidence against him." (DE 1-1 at 2-3.)

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, district courts are obligated to review a habeas corpus petition and to dismiss it if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." This rule provides district courts with a gatekeeping responsibility to sift through habeas corpus petitions and dismiss those petitions which obviously lack merit. "When the face of the petition plus any annexed exhibits plainly show that the petitioner is not entitled to relief, the district court can summarily dispose of the matter." *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Hays is in state custody, but not pursuant to the judgment of a state court; he is a pretrial detainee. However, Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that those Rules may be applied in applications for habeas corpus in cases not brought by a person challenging the judgment of a state court at the discretion of the district court. Section 2254 is the vehicle for prisoners in custody pursuant to the judgment of a state court, but not those in state custody for some other reason such as pre-conviction custody. *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991). Pre-judgment habeas relief is available in very limited circumstances under 28 U.S.C. § 2241(c)(3). *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000).

"Although federal district courts have jurisdiction over pretrial habeas petitions, they grant such relief only sparingly." *Blanck v. Waukesha County*, 48 F.Supp.2d 859, 860 (E.D.Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979)). Section 2254(b)(1)(A) provides that an application shall not be granted unless "the applicant has exhausted the remedies available in the courts of the State." Thus, "[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial habeas petitions." *Id.* The exhaustion doctrine requires:

> [A] petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in special circumstances. *Id.* (citations omitted).

Hays does not assert that he has attempted to exhaust his State court remedies before filing this petition. Indiana provides a remedy for the denial of a speedy trial and the other claims presented in the petition, but the petitioner has not exhausted his claims by attempting to utilize the

state court procedures. Section 2254(b)(1)(A) forbids a federal court from excusing the exhaustion requirement unless the state's corrective process is incapable of protecting the rights of the applicant.

There is no suggestion here that Indiana's corrective process is not capable of protecting the rights of the applicant, and Hays's petition does not meet the requirements necessary for this court to excuse his failure to exhaust his state court remedies. Accordingly, the court must dismiss this petition because, on its face, the petition establishes that the petitioner has not exhausted his state court remedies. The dismissal will be without prejudice to Hays's right to file a new petition for writ of habeas corpus raising these claims after he has exhausted his state court remedies.

For the foregoing reasons, the court **DISMISSES** Hay's petition without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

SO ORDERED on June 18, 2009.

s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE
HAMMOND DIVISION